**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**

FILED

DEC 19 2019

CONNIE LADNER
CIRCUIT CLERK
BY: _____ D.C.

**MONICA HOWERTON**                                                      **PLAINTIFF**

**v.**                                          **CASE NO.:** A2401-2019-331

**GULFSIDE CASINO PARTNERSHIP DBA**
**ISLAND VIEW CASINO RESORT AND**
**RHONDA ROBERTSON, INDIVIDUALLY**                          **DEFENDANTS**

### COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** Plaintiff, Monica Howerton, by and through counsel, Watson &
Norris, PLLC, and files this action to recover damages for violations of her rights under
Title VII, as amended, and for tortious interference with employment against Defendants
Gulfside Casino Partnership d/b/a Island View Casino Resort and Rhonda Robertson,
individually. In support of this cause, the Plaintiff would show unto the Court the
following facts to-wit:

### THE PARTIES

1.      Plaintiff, Monica Howerton, is an adult female citizen of Covington
County, Mississippi.

2.      Defendant, Gulfside Casino Partnership d/b/a Island View Casino Resort,
is incorporated in the State of Mississippi and may be served with process through its
registered agent: Mike Bruffey, Vice President and General Counsel, Gulfside Casino
Partnership d/b/a Island View Casino Resort, 3300 West Beach Boulevard, Gulfport,
Mississippi 39501.

3.      Defendant, Rhonda Robertson, may be served at her place of
employment: Island View Casino Resort, 3300 W. Beach Boulevard, Gulfport,
Mississippi 39501.

1

**EXHIBIT**
**1**

## JURISDICTION

4.      This Court has concurrent jurisdiction and venue is proper in this Court.

5.      Plaintiff timely filed a Charge of Discrimination with the EEOC on October 25, 2017, a true and correct copy of which has been attached as Exhibit "A." The EEOC issued a Determination on August 9, 2019, a true and correct copy of which has been attached as Exhibit "B." The EEOC issued a Right to Sue on September 23, 2019, a true and correct copy of which has been attached as Exhibit "C."

## STATEMENT OF FACTS

6.      Plaintiff, a forty-seven-year-old female, was hired by Defendant Gulfside Casino Partnership d/b/a Island View Casino Resort in March 2008 as a Table Game Dealer.

7.      Plaintiff had an oral at-will contract of employment with Defendant Gulfside Casino where she was paid $5 per hour plus tips she received.

8.      On or about July 25, 2017, Plaintiff participated in protected activity by filing a sexual harassment claim against Michael Carter, a Game Dealer employed by Defendant.

9.      During the investigation conducted by Defendants, voluntary statements of both parties and witnesses were taken.

10.     Prior to the statements, Plaintiff had allegedly received a loan for approximately $250.00 from Michael Carter.

11.     On July 7, 2017, Defendant Rhonda Robertson, Human Resources Manager, contacted William "Billy" Kuhn, Plaintiff's supervisor, during her investigation

into Plaintiff's complaint. Kuhn voluntarily provided Defendant Robertson a written statement as well as list of additional witnesses.

12.    In his written statement, Kuhn stated that "Monica [Howerton] informed me [William Kuhn] that Mike [Michael Carter] had offered to forgive her debt for a picture of her breasts."

13.    Kuhn then stated that "Mike [Michael Carter] also stated that he offered to forgive the loan for a picture of her [Monica Howerton's] breasts. I [William Kuhn] told Mike that his statement could be construed as sexual harassment by Monica and that he shouldn't mention that to her again."

14.    Despite William Kuhn's statement providing evidence that Michael Carter had attempted to solicit photographs from Plaintiff as a sexual favor in order for Plaintiff's alleged debt to be forgiven, Defendant Robertson claimed there was no evidence of harassment and took no action against Michael Carter.

15.    Instead, Defendant Robertson tortiously interfered with Plaintiff's employment by asserting that Plaintiff had allegedly falsified "company documents while making a harassment complaint," which resulted in Plaintiff's termination.

16.    Defendant Gulfside Casino Partnership d/b/a Island View Casino Resort unlawfully retaliated against Plaintiff by terminating her eight (8) days after she engaged in protected activity; however, no action was taken against Michael Carter although William Kuhn had provided a statement which provided evidence of Michael Carter asking Plaintiff for a sexual favor.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF TITLE VII – RETALIATION

3

17. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 16 above as if fully incorporated herein.

18. Defendant Gulfside Casino Partnership d/b/a Island View Casino Resort condoned and permitted unlawful retaliation against Plaintiff by allowing Plaintiff to be terminated after Plaintiff participated in a protected activity by filing a sexual harassment complaint against a male co-worker, Michael Carter.

19. As a result of Defendant's said retaliation, Plaintiff suffered damages, including but not limited to compensatory damages, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience, and mental anguish. In addition, Plaintiff is entitled to an award of punitive damages against Defendant.

## COUNT II: TORTIOUS INTERFERENCE

20. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 19 above as if fully incorporated herein.

21. Plaintiff had an employment relationship with Gulfside Casino Partnership d/b/a Island View Casino and Defendant Rhonda Robertson, individually, was aware of Plaintiff's employment relationship as she served in a leadership role for Gulfside Casino Partnership d/b/a Island View Casino Resort.

22. Defendant Rhonda Robertson, individually, tortiously interfered in Plaintiff's employment relationship with Gulfside Casino Partnership d/b/a Island View Casino Resort.

23. Defendant Rhonda Robertson, individually, had knowledge, of a written statement and a list of additional witnesses provided to her by William Kuhn. In the

statement from Michael Carter, he admitted to offering to forgive Plaintiff's debt in return for a picture of her breasts.

24.     Because Defendant Rhonda Robertson tortuously interfered with Plaintiff's employment relationship with Gulfside Casino Partnership d/b/a Island View Casino Resort, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate her for the Defendant's actions.

25.     In addition, Defendant Rhonda Robertson's actions were done maliciously with the intent to cause Plaintiff injury. As such, Plaintiff is entitled to an award of punitive damages against Defendant Rhonda Robertson in an amount to be determined by the jury.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1.     Back wages and reinstatement; or
2.     Future wages in lieu of reinstatement;
3.     Tax gross-up and all make-whole relief;
4.     Compensatory damages;
5.     Punitive damages;
6.     Lost Benefits;
7.     Pre-judgment and post-judgment interest;
8.     Attorney fees and costs; and
9.     Such other relief as the Court deems just and appropriate.

THIS the _18th_ day of December 2019.

Respectfully submitted,

MONICA HOWERTON, PLAINTIFF

By: _____
LOUIS H. WATSON, JR.  (MB# 9053)

5

NICK NORRIS (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 425-2018-00031 |
| | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mrs. Monica L. Howerton** | (601) Redacted | **1972** |

| Street Address | City, State and ZIP Code |
|---|---|
| Redacted , Collins, MS 39428 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **ISLAND VIEW CASINO RESORT** | **500 or More** | **(228) 314-2122** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3300 West Beach Boulevard, Gulfport, MS 39501** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | RECEIVED | |

| Street Address | City, State and ZIP Code |
|---|---|
| | OCT 3 1 2017 |

U.S. EEOC/JAO

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **07-25-2017** | **08-03-2017** |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I began working at Respondent in 2008 until my termination on August 3, 2017. I held the title of table games dealer. On July 26, 2017, I filed a sexual harassment complaint against a male co-worker. The investigation resulted in me being terminated. I was accused of borrowing money from this co-worker (being untruthful).**

**I believe that I was subjected to sexual harassment because of my sex-female, and that I was terminated in retaliation for complaining of the harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Oct. 15, 2017 — Monica H. | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date — Charging Party Signature | |

**EXHIBIT**

A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Jackson Area Office**

Dr. A. H. McCoy Federal Building
100 W. Capitol Street, Suite 338
Jackson, MS 39269
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Jackson Status Line: 866-408-8075
Jackson Direct Dial: (601) 948-8466
TTY (601) 948-8469
FAX (601) 948-8401

Certified Number: 7004 2510 0006 2317 5483

EEOC Charge Number 425 2018 00031

Monica Howerton                                          Charging Party
Redacted
Collins, MS 39428

       vs.

Island View Casino Resort                               Respondent
330 West Beach Boulevard
Gulfport, MS 39501

## D E T E R M I N A T I O N

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of the subject charge filed with the Commission and alleging violations of Title VII of The Civil Rights Act of 1964, as amended. Respondent is an employer within the meaning of Title VII of The Civil Rights Act of 1964, as amended and all other requirements for coverage have been met.

Charging Party, a female, alleges she was subjected to sexual harassment and subsequently terminated because of her sex, female and in retaliation for complaining of a protected activity made unlawful under Section 704 (a) of Title VII of the Civil Rights Act of 1964, as amended.

Respondent denied Charging Party's allegation of discrimination and retaliation and contended that Charging Party was terminated for falsifying company documents while making a harassment complaint. Respondent contended they conducted a thorough and immediate investigation of Charging Party's claim of harassment by her male co-worker. Respondent contended that based on their investigation including interviews of witnesses, written witness statements and an informal hearing conducted by the Human Resources Manager, it was determined that Charging Party's claim of sexual harassment was not supported by the evidence.

**EXHIBIT**

B

make the identified victims whole and to provide corrective and preventive relief. These remedies may include, as appropriate, an agreement by the Respondent to not engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, please contact Federal Investigator Kimberly Knighten at kimberly.knighten@eeoc.gov or 601-948-8445. Should there be no response from the Respondent to the enclosed conciliation proposal within fourteen (14) days of receipt of this Determination, the Commission may conclude that further conciliation efforts would be futile or nonproductive.

On Behalf of the Commission:

August 9, 2019
Date

Esgean McDuffey
Area Director

Enclosures: Proposed Conciliation Agreement

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| | | | |
|---|---|---|---|
| To: | Monica L. Howerton<br>Redacted<br>Collins, MS 39428 | From: | Jackson Area Office<br>100 West Capitol Street<br>Suite 338<br>Jackson, MS 39269 |

☐    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 425-2018-00031 | Kimberly J. Knighten,<br>Investigator | (601) 948-8445 |

#### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Eszean S. McDuffey,
**Director**

09/23/2019
*(Date Mailed)*

cc:    **Peter J. Kourkounis**
**Director of Human Resources**
**1947**
**3300 West Beach Blvd.**
**Gulfport, MS 39501**

      M. Nan Alessandra, Esq.
      **Phelps Dunbar**
      365 Canal Street, Suite 2000
      New Orleans, LA 70130-6534

**EXHIBIT**

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MONICA HOWERTON**                                                    **PLAINTIFF**

**v.**                                                    **CASE NO.: A2401-2019-331**

**GULFSIDE CASINO PARTNERSHIP DBA
ISLAND VIEW CASINO RESORT AND
RHONDA ROBERTSON, INDIVIDUALLY**                         **DEFENDANTS**

### FIRST AMENDED COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** Plaintiff, Monica Howerton, by and through counsel, Watson &

Norris, PLLC, and files this action to recover damages for violations of her rights under

Title VII, as amended, and for tortious interference with employment against Defendants

Gulfside Casino Partnership d/b/a Island View Casino Resort and Rhonda Robertson,

individually. In support of this cause, the Plaintiff would show unto the Court the

following facts to-wit:

### THE PARTIES

1.      Plaintiff, Monica Howerton, is an adult female citizen of Covington

County, Mississippi.

2.      Defendant, Gulfside Casino Partnership d/b/a Island View Casino Resort,

is incorporated in the State of Mississippi and may be served with process through its

registered agent: Mike Bruffey, Vice President and General Counsel, Gulfside Casino

Partnership d/b/a Island View Casino Resort, 3300 West Beach Boulevard, Gulfport,

Mississippi 39501.

3.      Defendant, Rhonda Robertson, may be served at her place of

1

employment: Island View Casino Resort, 3300 W. Beach Boulevard, Gulfport, Mississippi 39501.

**JURISDICTION**

4.       This Court has concurrent jurisdiction and venue is proper in this Court.

5.       Plaintiff timely filed a Charge of Discrimination with the EEOC on October 25, 2017, a true and correct copy of which has been attached as Exhibit "A." The EEOC issued a Determination on August 9, 2019, a true and correct copy of which has been attached as Exhibit "B." The EEOC issued a Right to Sue on September 23, 2019, a true and correct copy of which has been attached as Exhibit "C."

**STATEMENT OF FACTS**

6.       Plaintiff, a forty-seven-year-old female, was hired by Defendant Gulfside Casino Partnership d/b/a Island View Casino Resort in March 2008 as a Table Game Dealer.

7.       Plaintiff had an oral at-will contract of employment with Defendant Gulfside Casino where she was paid $5 per hour plus tips she received.

8.       On or about July 25, 2017, Plaintiff participated in protected activity by filing a sexual harassment claim against Michael Carter, a Game Dealer employed by Defendant.

9.       During the investigation conducted by Defendants, voluntary statements of both parties and witnesses were taken.

10.      Prior to the statements, Plaintiff had allegedly received a loan for approximately $250.00 from Michael Carter.

11.      On July 7, 2017, Defendant Rhonda Robertson, Human Resources

2

Manager, contacted William "Billy" Kuhn, Plaintiff's supervisor, during her investigation into Plaintiff's complaint. Kuhn voluntarily provided Defendant Robertson a written statement as well as a list of additional witnesses. A copy of William Kuhn's Statement is attached as Exhibit "D."

12. In his written statement, Kuhn stated that "Monica [Howerton] informed me [William Kuhn] that Mike [Michael Carter] had offered to forgive her debt for a picture of her breasts."

13. Kuhn then stated that "Mike [Michael Carter] also stated that he offered to forgive the loan for a picture of her [Monica Howerton's] breasts. I [William Kuhn] told Mike that his statement could be construed as sexual harassment by Monica and that he shouldn't mention that to her again."

14. Despite William Kuhn's statement providing evidence that Michael Carter had attempted to solicit photographs from Plaintiff as a sexual favor in order for Plaintiff's alleged debt to be forgiven, Defendant Robertson claimed there was no evidence of harassment and took no action against Michael Carter.

15. Instead, Defendant Robertson tortiously interfered with Plaintiff's employment by asserting that Plaintiff had allegedly falsified "company documents while making a harassment complaint," which resulted in Plaintiff's termination.

16. Defendant Gulfside Casino Partnership d/b/a Island View Casino Resort unlawfully retaliated against Plaintiff by terminating her eight (8) days after she engaged in protected activity; however, no action was taken against Michael Carter although William Kuhn had provided a statement which provided evidence of Michael Carter asking Plaintiff for a sexual favor.

3

## CAUSES OF ACTION

## COUNT I: VIOLATION OF TITLE VII – RETALIATION

17.     Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 16 above as if fully incorporated herein.

18.     Defendant Gulfside Casino Partnership d/b/a Island View Casino Resort condoned and permitted unlawful retaliation against Plaintiff by allowing Plaintiff to be terminated after Plaintiff participated in a protected activity by filing a sexual harassment complaint against a male co-worker, Michael Carter.

19.     As a result of Defendant's said retaliation, Plaintiff suffered damages, including but not limited to compensatory damages, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience, and mental anguish. In addition, Plaintiff is entitled to an award of punitive damages against Defendant.

## COUNT II: TORTIOUS INTERFERENCE

20.     Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 19 above as if fully incorporated herein.

21.     Plaintiff had an employment relationship with Gulfside Casino Partnership d/b/a Island View Casino and Defendant Rhonda Robertson, individually, was aware of Plaintiff's employment relationship as she served in a leadership role for Gulfside Casino Partnership d/b/a Island View Casino Resort.

22.     Defendant Rhonda Robertson, individually, tortiously interfered in Plaintiff's employment relationship with Gulfside Casino Partnership d/b/a Island View Casino Resort.

23.     Defendant Rhonda Robertson, individually, had knowledge, of a written

4

statement and a list of additional witnesses provided to her by William Kuhn. In the statement from Michael Carter, he admitted to offering to forgive Plaintiff's debt in return for a picture of her breasts.

24. Because Defendant Rhonda Robertson tortuously interfered with Plaintiff's employment relationship with Gulfside Casino Partnership d/b/a Island View Casino Resort, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate her for the Defendant's actions.

25. In addition, Defendant Rhonda Robertson's actions were done maliciously with the intent to cause Plaintiff injury. As such, Plaintiff is entitled to an award of punitive damages against Defendant Rhonda Robertson in an amount to be determined by the jury.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Tax gross-up and all make-whole relief;
4. Compensatory damages;
5. Punitive damages;
6. Lost Benefits;
7. Pre-judgment and post-judgment interest;
8. Attorney fees and costs; and
9. Such other relief as the Court deems just and appropriate.

THIS the 27th day of December 2019.

5

Respectfully submitted,

MONICA HOWERTON, PLAINTIFF

By:     s/ Louis H. Watson, Jr.
        LOUIS H. WATSON, JR.  (MB# 9053)
        NICK NORRIS (MB# 101574)
        Attorneys for Plaintiff


OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 425-2018-00031  and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Monica L. Howerton | (601) Redacted | 1972 |

| Street Address | City, State and ZIP Code |
|---|---|
| Redacted | Collins, MS 39428 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ISLAND VIEW CASINO RESORT | 500 or More | (228) 314-2122 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3300 West Beach Boulevard, Gulfport, MS 39501 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

RECEIVED

OCT 3 1 2017

U.S. EEOC/JAO

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 07-25-2017  Latest 08-03-2017

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began working at Respondent in 2008 until my termination on August 3, 2017. I held the title of table games dealer. On July 26, 2017, I filed a sexual harassment complaint against a male co-worker. The investigation resulted in me being terminated. I was accused of borrowing money from this co-worker (being untruthful).

I believe that I was subjected to sexual harassment because of my sex-female, and that I was terminated in retaliation for complaining of the harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Oct. 25, 2017 _____ Monica H. ___ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date      Charging Party Signature | |

EXHIBIT
A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Jackson Area Office**

Dr. A. H. McCoy Federal Building
100 W. Capitol Street, Suite 338
Jackson, MS 39269
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Jackson Status Line: 866-408-8075
Jackson Direct Dial: (601) 948-8466
TTY (601) 948-8469
FAX (601) 948-8401

Certified Number: 7004 2510 0006 2317 5483

EEOC Charge Number 425 2018 00031

Monica Howerton                                                    Charging Party
<span style="background:black">Redacted</span>
Collins, MS 39428

    **vs.**

Island View Casino Resort                                        Respondent
330 West Beach Boulevard
Gulfport, MS 39501

## D E T E R M I N A T I O N

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of the subject charge filed with the Commission and alleging violations of Title VII of The Civil Rights Act of 1964, as amended. Respondent is an employer within the meaning of Title VII of The Civil Rights Act of 1964, as amended and all other requirements for coverage have been met.

Charging Party, a female, alleges she was subjected to sexual harassment and subsequently terminated because of her sex, female and in retaliation for complaining of a protected activity made unlawful under Section 704 (a) of Title VII of the Civil Rights Act of 1964, as amended.

Respondent denied Charging Party's allegation of discrimination and retaliation and contended that Charging Party was terminated for falsifying company documents while making a harassment complaint. Respondent contended they conducted a thorough and immediate investigation of Charging Party's claim of harassment by her male co-worker. Respondent contended that based on their investigation including interviews of witnesses, written witness statements and an informal hearing conducted by the Human Resources Manager, it was determined that Charging Party's claim of sexual harassment was not supported by the evidence.

Respondent's policy states that they recognize that false allegations of harassment and/or discrimination can have serious effects. Such actions may also result in disciplinary action up and including discharge. Respondent stated that this is the first time that they have determined through its investigation of a harassment/discrimination claim that the complaining party submitted a false claim of harassment and was untruthful in his/her response. Respondent relied on its policy and terminated Charging Party accordingly.

Examination of the evidence revealed that Charging Party began employment with Respondent in March 2008 as a Table Game Dealer. Charging Party filed an internal grievance on July 26, 2017, alleging she was being subjected to sexual harassment by a male co-worker. It is undisputed that Charging Party was terminated on August 3, 2017, just eight (8) days after filing this internal grievance.

Analyses of evidence revealed that the male employee accused of sexual harassment admitted to a supervisor that he made a request for a favor of a sexual nature to Charging Party. This same male co-worker retained his employment with Respondent. Additionally, Respondent contended that conversations between Charging Party and the alleged harasser, if the conversations occurred, were not related to Charging Party's work at Respondent's site. Respondent further contended that this was a personal issue not a harassment issue.

The proximity and time between the protected activity and the adverse action indicate that Charging Party was subjected to retaliatory action by Respondent. Permitting an employee to be terminated under such circumstances may well have a chilling effect on other employees who might wish to file claims of harassment/discrimination in the workplace.

Based on the foregoing analysis, I conclude there is reasonable cause to believe that Charging Party was subjected to sexual harassment because of her sex, female and terminated in retaliation for her participation and opposition of what she perceived as unlawful discrimination in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate unlawful practice by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 CFR Part 1601.26).

If the Respondent wishes to accept this invitation to participate in conciliation efforts, you may do so by reviewing the enclosed agreement as presented or provide a counter proposal to the Commission representative within 14 days of the date of this determination. The remedies for violations of the statutes we enforce are designed to

make the identified victims whole and to provide corrective and preventive relief. These remedies may include, as appropriate, an agreement by the Respondent to not engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, please contact Federal Investigator Kimberly Knighten at kimberly.knighten@eeoc.gov or 601-948-8445. Should there be no response from the Respondent to the enclosed conciliation proposal within fourteen (14) days of receipt of this Determination, the Commission may conclude that further conciliation efforts would be futile or nonproductive.

On Behalf of the Commission:

August 9, 2019
Date

Esgean McDuffey
Area Director

Enclosures: Proposed Conciliation Agreement

EEOC Form 161-A (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Monica L. Howerton | From: | Jackson Area Office |
|---|---|---|---|
| | Redacted | | 100 West Capitol Street |
| | Collins, MS 39428 | | Suite 338 |
| | | | Jackson, MS 39269 |

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| **EEOC Charge No.** | **EEOC Representative** | | **Telephone No.** |
| 425-2018-00031 | Kimberly J. Knighten, Investigator | | (601) 948-8445 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Essean S. McDuffey,_ Director

09/23/2019
(Date Mailed)

Enclosures(s)

cc:
Peter J. Kourkounis
Director of Human Resources
1947
3300 West Beach Blvd.
Gulfport, MS 39501

M. Nan Alessandra, Esq.
Phelps Dunbar
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534



EXHIBIT
C



# ISLAND VIEW
## CASINO RESORT

### VOLUNTARY STATEMENT

Date & Time of Incident: _____          Guest ☐          Employee ☐

Victim ☐          Witness ☑          Suspect ☐

Name: **WILLIAM KUHN**          Today's Date: 7--26-17

Address: Redacted          Employee Number: 31329

City/State: Biloxi MS 39531          Position: Dual Rate

Case Number: _____

Home Telephone:(22? Redacted    Other Telephone:( _____

In the space provided below, please write a brief account of what happened - to include
WHO, WHAT, WHEN, WHERE AND HOW.

I, **WILLIAM KUHN** (PRINT NAME)    do hereby make the following statement on 7-26-17 (DATE & TIME)

A couple weeks ago in the Break Room Monica Lee informed me
that Mike Carter had loaned her money for a car payment. Monica
stated that Mike had started to "Hound" her for the money passing
by her table and mentioning it. A week later Monica informed me
that Mike had offered to forgive her debt for a picture of her
Breasts. Mike mentioned to me in the breakroom the same week
that Monica had started to avoid him because she owed him money.
Mike also stated that he offered to forgive the loan for a picture
of her breasts. I told Mike that his statement could be construed
as sexual harassment by Monica and that he shouldn't mention that to her
Again. This morning Monica Lee called me over to her dead BJ game and

I have reviewed this statement and believe it to be true and correct to the best of my recollection. This statement is given voluntarily
without any promises of rewards, threats or coercion.

Print Name: **WILLIAM KUHN**          Signature: _____

Revised 05-08-09

EXHIBIT
D

2

19



Informed me that Mike would not leave her alone about money that he claims she owes him. She said "Since there is no paper work there is no loan" Monica stated that she felt she needed to make a statement. Beau Toche was at the other end of the pit so I pulled him aside and informed him of the situation.