## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## GULFPORT DIVISION

**MONICA HOWERTON**                                                    **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO.: 1:20-CV-00067-HSO-JCG**

**GULFSIDE CASINO PARTNERSHIP**
**DBA ISLAND VIEW CASINO RESORT**                          **DEFENDANTS**
**AND RHONDA ROBERTSON,**
**INDIVIDUALLY**

### DEFENDANT GULFSIDE CASINO PARTNERSHIP D/B/A ISLAND VIEW CASINO RESORT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT JURY TRIAL DEMANDED, AS AMENDED BY PLAINTIFF'S FIRST AMENDED COMPLAINT JURY TRIAL DEMANDED

**NOW,** through undersigned counsel, comes named Defendant, Gulfside Casino Partnership D/B/A Island View Casino Resort ("Defendant" or "Island View"), who submits the following Answer and Affirmative Defenses in response to the allegations contained in Plaintiff's Complaint Jury Trial Demanded, as amended by the First Amended Complaint Jury Trial Demanded (collectively, "the Complaint"), filed by Plaintiff, Monica Howerton ("Plaintiff" or "Howerton"). Defendant Island View denies each and every allegation contained in the Complaint, as amended, except those which are hereinafter expressly admitted.  In specific defense of the allegations set forth in the Complaint, as amended, Defendant Island View asserts the following affirmative defenses:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant Island View upon which relief can be granted, in whole or in part.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they fail to satisfy all conditions precedent or any applicable statutory prerequisites under applicable law as well as applicable jurisprudence.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of collateral estoppel, judicial estoppel, unclean hands, waiver, ratification and/or laches, as well as applicable statute of limitations or prescriptive periods under applicable law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff may be barred, in whole or part, from obtaining any relief sought by virtue of Plaintiff's own actions, omissions, fault and/or negligence.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively pleads the defense of good faith and affirmatively avers that at all times Defendant Island View acted in good faith, with rational basis, and without any unlawful or wrongful intent whatsoever with respect to all of the employment-related decisions and actions concerning Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Island View avers that all employment-related decisions concerning Plaintiff were made by its employees after conducting a thorough investigation into the matter, and based on witness testimony reasonably believed, at all relevant times, that their actions were in conformity with applicable law and applicable Island View policies.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that Island View maintained adequate workplace policies with respect to workplace conduct, discrimination, harassment and retaliation.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that Island View exercised reasonable care and diligence to prevent workplace harassment and retaliation in its workplace.

## NINTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that applicable Island View workplace policies and employee handbooks are the best evidence of their terms and procedures. Defendant Island View pleads such policies and procedures as if incorporated herein in full.

## TENTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that its employees took prompt and reasonable actions, and made all necessary good faith efforts, to investigate and resolve the alleged sexual harassment complaint by Plaintiff that was submitted to Island View on July 26, 2017, and Island View employees conducted a thorough investigation into the matter, and based on witness testimony reasonably believed, at all relevant times, that their actions were in conformity with applicable law and applicable Island View policies.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that the investigative summary and related written statements, regarding Island View's internal investigation of Plaintiff's July 26, 2017 complaint to Island View, are the best evidence of the findings therein, and the investigative summary and related written statements are incorporated herein in full.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers Plaintiff does not have a right to dictate or demand that Island View administer disciplinary action and/or disciplinary action of Plaintiff's preference against another employee.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that it complied with the terms and conditions of any applicable Island View policies and relevant employee handbooks, as well as any applicable federal or state laws, with respect to its employment actions and decisions concerning Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant Island view affirmatively avers that if any action was taken (which is specifically denied) by Island View employees in violation of applicable law or applicable Island View policies, rather Island View employees conducted a thorough investigation into the matter, and based on witness testimony took actions it believed were consistent the law and with Island View policies, and such acts were not in bad faith.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that Plaintiff signed acknowledgements of her receipt of new hire orientation and refresher training on topics including respect in the workplace, ethics and conduct, and preventing harassment, and Plaintiff agreed to comply with Island View's employee guide and workplace standards.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not stated a claim for retaliation upon which relief can be granted and has failed to allege facts sufficient to support a retaliation claim against Defendant Island View under Title VII.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively denies that any alleged complaint by Plaintiff to Island View employees of alleged sexual harassment played any role in any employment decisions or actions regarding Plaintiff, and that all employment decisions concerning Plaintiff were made for legitimate, non-retaliatory reasons.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively denies that Plaintiff was adversely affected at any time during her employment with Island View because of any alleged complaint of alleged sexual harassment.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively denies that it or any of its employees retaliated against Plaintiff for complaining of alleged sexual harassment.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that the reasons for the actions or decisions concerning Plaintiff were not a pretext for retaliation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that its employees conducted a thorough investigation into the matter, and based on witness testimony took actions it believed were consistent the law and with Island View policies and discharged Plaintiff on or about August 3, 2017, for violation of company policy related to false statements and falsification of company records while making a workplace complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant Island View affirmatively denies that Plaintiff was discharged on or about August 3, 2017 in retaliation for submitting an alleged complaint of sexual harassment to Island View.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that Plaintiff was an at-will employee at all relevant times during her employment with Island View; thus, Plaintiff's employment was subject to termination at any time, with or without cause or advance notice, in accordance with applicable law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively denies that Plaintiff was employed by Island View under a contract for a fixed term or termination under specific terms.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively pleads and asserts that it is not liable for punitive damages under federal or state law, and further asserts it has at all times acted in good faith, and in a reasonable and non-arbitrary manner.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively denies that it or any of its employees acted with malice or reckless disregard of the federally protected rights of Plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that it has engaged in good faith efforts to implement policies prohibiting and addressing discrimination, harassment and retaliation.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively pleads that if any action was taken by its employees or agents in violation of Title VII, such acts were contrary to Island View's workplace policies.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that the Mississippi Department of Employment Security (Docket Number 220016) considered the evidence and heard witness testimony from Plaintiff and other witnesses and ruled in favor of Defendant Island View finding that Plaintiff had engaged in "misconduct" and Defendant Island View had legitimate, lawful reasons to discharge Plaintiff for violating company policy.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that it has not breached any obligations or duties allegedly owed to Plaintiff, to the extent any exist under applicable laws and regulations.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that the determination of the EEOC related to Plaintiff's EEOC Charge of Discrimination Number 425-2018-00031 is not binding on the Court.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that Plaintiff's EEOC Charge of Discrimination Number 425-2018-00031 and the related EEOC investigation record speak for themselves and are the best evidence of what is set forth therein.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief in this matter, to the extent her alleged damages, if any, were caused by her own actions which are specifically pled as a bar to any claims and/or claimed relief.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers it acted in good faith with respect to all aspects of the allegations set forth in the Complaint, as amended, as a full and complete bar to maintenance of the claims asserted by Plaintiff against Island View.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively denies that Plaintiff sustained any damages as a result of any fault or wrongdoing on the part of Defendant Island View.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively denies that Plaintiff sustained any damages, including humiliation, embarrassment, emotional pain and suffering, and mental anguish, as a result of any alleged actions by Defendant Island View.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively denies that Plaintiff is entitled to any relief whatsoever under federal or state law, including, but not limited to, compensatory damages or any other damages such that any legal or equitable remedies requested by Plaintiff are clearly unwarranted in this matter.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that Plaintiff's claims are barred or otherwise limited to the extent that Plaintiff has failed to mitigate, minimize, or avoid the damages and losses alleged in the Complaint, as amended.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Even if Plaintiff sustained damages due to alleged tortious actions by Defendant Rhonda Robertson (which are specifically denied), Island View avers that Plaintiff's claims are barred by collateral estoppel and judicial estoppel.

## FORTIETH AFFIRMATIVE DEFENSE

Defendant Island View pleads the affirmative defenses of set off and/or offset.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Defendant Island View avers that Plaintiff's alleged damages are speculative and thus unavailable as a matter of law.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Defendant Island View avers that Plaintiff's alleged damages may be barred, in whole or part, by after-acquired evidence, if any, of violations of Island View policies and procedures by Plaintiff.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that Plaintiff is not entitled to any legal, equitable, declaratory or monetary relief, including but not limited to, back wages and reinstatement, future wages in lieu of reinstatement, tax gross-up and all make-whole relief, compensatory damages, punitive damages, lost benefits, and attorneys' fees, interest and/or costs of this action.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendant Island view affirmatively avers that any equitable and/or monetary award which Plaintiff may receive cannot exceed any monetary caps or limitations, if any, imposed by any applicable statutes, statutory law, regulations, rules and/or decisional law.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Defendant Island view affirmatively avers that any alleged loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience, and mental anguish claimed by Plaintiff was not caused by the alleged actions of Defendant Island View.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that should any of Plaintiff's claims be found frivolous, unreasonable or groundless, to have been brought in bad faith, or it is determined by the Court that Defendant Island View's acts or practices were not in violation of the law, Defendant Island View be entitled to recovery of reasonable damages, under applicable law, incurred in the defense of such claims, including but not limited to, reasonable attorneys' fees and other costs.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant Island View affirmatively avers that any recovery to which Plaintiff may be entitled should be reduced by: (1) all amounts of compensation and benefits received by Plaintiff since her employment with Island View ended and to be received in the future by Plaintiff; (2) wages that were earned or could have been earned by Plaintiff with reasonable diligence since her employment with Island View ended, and by all amounts that will be earned or which could be earned with reasonable diligence in the future; and (3) any other offsets to damages permissible by law.

## RESERVATION OF RIGHTS

Answering Defendant Island View expressly reserves the right to invoke or assert any other defense or assert further affirmative defenses that are or may become available or appear during subsequent proceedings in this action, or as may be established during discovery and/or by the evidence in this case. Answering Defendant Island View further reserves the right to amend or supplement this answer to assert such additional affirmative defenses upon discovery of any further information regarding Plaintiff's purported claims.

**AND NOW,** further answering the specific enumerated allegations in the Complaint, answering Defendant Island View avers as follows:

## INTRODUCTORY PARAGRAPH

The allegations contained in the introductory paragraph do not require a response on behalf of answering Defendant Island View; however, to the extent a response is required, said allegations are denied. Answering Defendant Island View further expressly denies it violated federal law in any respect. Answering Defendant Island View further avers that it acted in good faith at all times.

## THE PARTIES

### 1.

The allegations set forth in Paragraph 1 are denied for lack of sufficient information to justify a belief therein regarding Plaintiff's alleged place of domicile, except Defendant admits Plaintiff is a female person of full age and majority.

### 2.

The allegations set forth in Paragraph 2 are admitted.

**3.**

The allegations set forth in Paragraph 3 do not require a response on behalf of answering Defendant Island View; however, to the extent a response is required, said allegations are denied. Answering Defendant Island View admits only that Defendant Rhonda Robertson was formerly employed by Island View.

## JURISDICTION

**4.**

The allegations set forth in Paragraph 4 require no response on behalf of answering Defendant Island View, as it asserts a legal conclusion which consists of a jurisdiction and venue statement.

**5.**

The allegations set forth in the first, second and third sentences of Paragraph 5 are denied for lack of sufficient information to justify a belief therein regarding the alleged timeliness by Plaintiff of filing a Charge of Discrimination with the EEOC (a non-party federal agency), and the alleged validity of uncertified Exhibits A, B and C to the Complaint. Defendant avers that referenced Exhibits A, B, and C are the best evidence of what is set forth therein.

## STATEMENT OF FACTS

**6.**

The allegations set forth in Paragraph 6 are denied as stated. Answering Defendant Island View admits only that Plaintiff is a female of full age and majority, and further admits Plaintiff was hired by Island View on or about March 26, 2008 as a Table Games Dealer.

**7.**

The allegations set forth in Paragraph 7 are denied as stated. Answering Defendant Island View admits only that Plaintiff was an at-will employee at all relevant times during her employment with Island View, and further admits Plaintiff was receiving a wage of $5.00 per hour plus tips at the time of her discharge on August 3, 2017.

**8.**

The allegations set forth in Paragraph 8 are denied as stated. Answering Defendant Island View admits only that Plaintiff submitted a written voluntary statement to Island View on or about July 26, 2017. Answering Defendant Island View avers that the referenced "claim" is the best evidence of what is alleged therein. Answering Defendant Island View further admits that Michael Carter was employed by Island View as a Tables Game Dealer on or about July 26, 2017.

**9.**

The allegations set forth in Paragraph 9 are denied as stated. Answering Defendant Island View admits only that an investigation was conducted by Island View regarding the voluntary statement submitted by Plaintiff on or about July 26, 2017, and further admits that voluntary statements were collected by Island View from Plaintiff, Michael Carter, and other individuals as part of the investigation. Answering Defendant Island View avers that the referenced "voluntary statements" and related investigation documents are the best evidence of what is set forth therein.

**10.**

The allegations contained in Paragraph 10 are denied for lack of sufficient information of Answering Defendant Island View to justify a belief therein regarding the alleged amount of the alleged loan by Michael Carter to Plaintiff.

**11.**

The allegations contained in the first and second sentences of Paragraph 11 are denied as stated. Answering Defendant Island View admits only that Defendant Rhonda Robertson ("Robertson") was employed as the Human Resources Manager for Island View, and Robertson conducted an investigation into the voluntary statement submitted by Plaintiff on or about July 26, 2017. Answering Defendant Island View further admits that William Kuhn ("Kuhn") was Plaintiff's Supervisor, and Kuhn submitted a voluntary statement during the investigation of the voluntary statement submitted by Plaintiff on or about July 26, 2017. The allegations set forth in the third sentence of Paragraph 11 are also denied as stated. Answering Defendant Island View admits only that Kuhn submitted a written voluntary statement during the investigation of the voluntary statement by Plaintiff on or about July 26, 2017. Answering Defendant Island View avers that the referenced Exhibit D is the best evidence of what is set forth therein.

**12.**

The allegations set forth in Paragraph 12 are denied as stated. Answering Defendant Island View admits only that William Kuhn submitted a written voluntary statement during the investigation of the voluntary statement by Plaintiff on or about July 26, 2017. Answering Defendant Island View avers that the referenced statement is the best evidence of what is set forth therein.

**13.**

The allegations set forth in Paragraph 13 are denied as stated. Answering Defendant Island View admits only that William Kuhn submitted a written voluntary statement during the investigation of the voluntary statement submitted by Plaintiff on or about July 26, 2017. Answering

Defendant Island View avers that the referenced statement is the best evidence of what is set forth therein.

**14.**

The allegations set forth in Paragraph 14 are denied as stated. Answering Defendant Island View admits only that the investigation conducted by Defendant Rhonda Robertson concluded the allegations of harassment by Plaintiff against Michael Carter were proven not to be factual in this case. Answering Defendant Island View avers that the investigation documents are the best evidence of what is set forth therein regarding evidence collected and conclusions. Answering Defendant Island View further expressly denies it violated federal law in any respect. Answering Defendant Island View further avers that its employees acted in good faith at all times.

**15.**

The allegations set forth in Paragraph 15 set forth legal conclusions and unsubstantiated, conclusory beliefs of Plaintiff with regard to Defendant Rhonda Robertson that require no response on behalf of Answering Defendant Island View; however, to the extent a response is required, said allegations are denied. Answering Defendant Island View admits only that Plaintiff was terminated on August 3, 2017 for violation of company policy related to false statements and falsification of company records.

**16.**

The allegations set forth in Paragraph 16 set forth legal conclusions and unsubstantiated, conclusory beliefs of Plaintiff with regard to Defendant Island View that require no response on behalf of Answering Defendant Island View; however, to the extent a response is required, said allegations are denied. Answering Defendant Island View admits only that Plaintiff submitted a

written voluntary statement to Defendant on July 26, 2017 of alleged harassment by Michael Carter. Answering Defendant Island View further admits Plaintiff was terminated on August 3, 2017 for violation of company policy related to false statements and falsification of company records. In addition, Answering Defendant Island View admits Michael Carter was employed with Island View on August 3, 2017. Answering Defendant Island View further expressly denies it violated federal law in any respect. Answering Defendant Island View avers that its employees acted in good faith at all times.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF TITLE VII – RETALIATION

### 17.

The allegations set forth in Paragraph 17 require no response on behalf of Answering Defendant Island View; however, to the extent a response is required, said allegations are denied. Answering Defendant Island View further expressly denies it violated federal law in any respect. Answering Defendant Island View avers that its employees acted in good faith at all times.

### 18.

The allegations set forth in Paragraph 18 set forth legal conclusions and unsubstantiated, conclusory beliefs of Plaintiff with regard to Defendant Island View that require no response on behalf of Answering Defendant Island View; however, to the extent a response is required, said allegations are denied. Answering Defendant Island View admits only that Plaintiff submitted a written voluntary statement on July 26, 2017 of alleged harassment by Michael Carter. Answering Defendant Island View further admits that Defendant Rhonda Robertson made a thorough investigation into this matter and she, along with the Director of Human Resources, determined from

witness statements that Plaintiff was untruthful and violated company policy. Plaintiff was terminated on August 3, 2017 for violation of company policy related to false statements and falsification of company records. Answering Defendant Island View further expressly denies it violated federal law in any respect. Answering Defendant Island View avers that its employees acted in good faith at all times.

**19.**

The allegations set forth in the first and second sentences of Paragraph 19 set forth legal conclusions and unsubstantiated, conclusory beliefs of Plaintiff with regard to Defendant Island View that require no response on behalf of Answering Defendant Island View; however, to the extent a response is required, said allegations are denied. Answering Defendant Island View expressly denies Plaintiff is entitled to any judgment or relief in connection with the claims and demands sought in the Complaint against Answering Defendant Island View, including but not limited to any damages whatsoever. Answering Defendant Island View further expressly denies it violated federal law in any respect. Answering Defendant Island View avers that its employees acted in good faith at all times.

**COUNT II: TORTIOUS INTERFERENCE**

**20.**

The allegations set forth in Paragraph 20 require no response on behalf of Answering Defendant Island View; however, to the extent a response is required, said allegations are denied. Answering Defendant Island View further expressly denies it violated federal or state law in any respect. Answering Defendant Island View avers that it acted in good faith at all times.

**21.**

The allegations set forth in Paragraph 21 are denied as stated. Answering Defendant Island View admits only that Plaintiff was an at-will employee at all relevant times during her employment with Island View, and further admits Defendant Rhonda Robertson was employed by Island View as a Human Resources Manager during the relevant time period.

**22.**

The allegations contained in Paragraph 22 set forth legal conclusions and unsubstantiated, conclusory beliefs of Plaintiff with regard to Defendant Rhonda Robertson that require no response on behalf of Answering Defendant Island View; however, to the extent a response is required, said allegations are denied. Answering Defendant Island View further expressly denies it violated federal or state law in any respect. Answering Defendant Island View avers its employees acted in good faith at all times.

**23.**

The allegations set forth in the first sentence of Paragraph 23 set forth legal conclusions and unsubstantiated, conclusory beliefs of Plaintiff with regard to Defendant Rhonda Robertson that require no response on behalf of Answering Defendant Island View; however, to the extent a response is required, said allegations are denied for lack of sufficient information to justify a belief therein. The allegations set forth in the second sentence of Paragraph 23 are denied as stated. Answering Defendant Island View admits only that Michael Carter submitted a voluntary written statement during Island View's investigation of the voluntary statement submitted by Plaintiff on July 26, 2017. Answering Defendant Island View avers that the referenced written statement and list of additional witnesses are the best evidence of what is set forth therein.

**24.**

The allegations set forth in Paragraph 24 set forth legal conclusions and unsubstantiated, conclusory beliefs of Plaintiff with regard to Defendant Rhonda Robertson that require no response on behalf of Answering Defendant Island View; however, to the extent a response is required, said allegations are denied. Answering Defendant Island View expressly denies Plaintiff is entitled to any judgment or relief in connection with the claims and demands sought in the Complaint against Answering Defendant Island View, including but not limited to any damages whatsoever. Answering Defendant Island View further expressly denies it violated federal or state law in any respect. Answering Defendant Island View avers that it acted in good faith at all times.

**25.**

The allegations set forth in the first and second sentences of Paragraph 25 set forth legal conclusions and unsubstantiated, conclusory beliefs of Plaintiff with regard to Defendant Rhonda Robertson that require no response on behalf of Answering Defendant Island View; however, to the extent a response is required, said allegations are denied. Answering Defendant Island View expressly denies Plaintiff is entitled to any judgment or relief in connection with the claims and demands sought in the Complaint against Answering Defendant Island View, including but not limited to any damages whatsoever. Answering Defendant Island View further expressly denies it violated federal or state law in any respect. Answering Defendant Island View avers that it acted in good faith at all times.

## **PRAYER FOR RELIEF**

The allegations set forth in the Prayer for Relief require no response on behalf of Answering Defendant Island View; however, to the extent a response is required, Answering Defendant Island

View expressly denies any and all allegations contained in Plaintiff's Prayer for Relief, and Answering Defendant Island View further expressly denies that Plaintiff is entitled to any judgment or relief in connection with the claims and demands sought in the Complaint, including but not limited to any damages or benefits whatsoever, attorneys' fees, costs, legal interest, and any other relief that this Court may deem just and appropriate.

**WHEREFORE,** Answering Defendant Island View, a named Defendant herein, prays that Answering Defendant Island View's Answer and Affirmative Defenses be deemed good and sufficient, that its affirmative defenses herein be maintained, and that after due proceedings be had, that there be judgment rendered herein in Defendant Island View's favor and against Plaintiff, dismissing the entirety of Plaintiff's claims against Defendant Island View, with prejudice, at Plaintiff's costs. Answering Defendant Island View also requests that it be awarded costs, attorneys' fees, and any other legal, equitable or declaratory relief that this Court may deem just and appropriate.

This the 23rd day of March, 2020.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _s/ LaToya C Merritt_
      M. Nan Alessandra (LAB #16783); PHV
      LaToya C. Merritt (MSB #100054)
      Nicholas F. Morisani (MSB #104970)
      4270 I-55 N
      Jackson, MS  39211-6391
      P. O. Box 23066
      Jackson, Mississippi 39225-3066
      Telephone: (601) 352-2300
      Telecopier: (601) 360-9777

      **ATTORNEYS FOR DEFENDANT,**
      **GULFSIDE CASINO PARTNERSHIP**
      **D/B/A ISLAND  VIEW CASINO RESORT**

## CERTIFICATE OF SERVICE

I, LATOYA C. MERRITT, hereby certify that I have this date filed the above and foregoing ANSWER AND AFFIRMATIVE DEFENSES with the Clerk of Court using the Court's CM/ECF system which sent notification of such filing to all counsel of record.

This the 23rd day of March, 2020.

*s/ LaToya C. Merritt*
LaToya C. Merritt