# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**MONICA HOWERTON**                                                  **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 1:20-CV-00067-HSO-JCG**

**GULFSIDE CASINO PARTNERSHIP**
**DBA ISLAND VIEW CASINO RESORT**
**AND RHONDA ROBERTSON,**
**INDIVIDUALLY**                                                 **DEFENDANTS**

## ANSWER OF RHONDA ROBERTSON

NOW COMES this Defendant, Rhonda Robertson, by and through her attorneys of record, Brown Buchanan P.A., and in answer to the First Amended Complaint filed against her, would state as follows:

## THE PARTIES

1. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the First Amended Complaint.

2. The allegations contain in Paragraph 2 of the First Amended Complaint do not pertain to this Defendant, therefore this Defendant need not respond.

3. This Defendant admits that she may be served with process as prescribed by law. Everything not herein specifically admitted is denied.

## JURISDICTION

4. This Defendant does not contest - and specifically consents to - the jurisdiction of and venue in the United States District Court, Southern District of Mississippi, Southern Division.

5. The allegations contained in Paragraph 5 of the First Amended Complaint do not pertain to this Defendant, therefore this Defendant need not respond. To the extent these allegations are said to apply to this Defendant they are denied.

## STATEMENT OF FACTS

6. This Defendant admits that Plaintiff was hired by the Defendant Gulfside Casino Partnership d/b/a Island View Casino Resort (Gulfside) on March 26, 2008, as a Table Games Dealer. Everything not herein specifically admitted is denied.

7. This Defendant admits Plaintiff was employed by the Defendant Gulfside as an employee-at-will, and her compensation was based upon an hourly rate of pay, plus tips. Everything not herein specifically admitted is denied.

8. The allegations contained in Paragraph 8 of the First Amended Complaint are denied.

9. This Defendant admits that an investigation was conducted regarding Plaintiff's voluntary statement submitted by Plaintiff on or about July 26, 2017, which included obtaining statements from other individuals. Everything not herein specifically admitted is denied.

10. This Defendant admits Plaintiff obtained a loan from Michael Carter. Everything not herein specifically admitted is denied.

11. This Defendant admits that William Kuhn provided a written statement dated July 16, 2017. Everything not herein specifically admitted is denied.

12. This Defendant admits the written statement of William Kuhn speaks for itself. Everything not herein specifically admitted is denied.

13. This Defendant admits the written statement of William Kuhn speaks for itself. Everything not herein specifically admitted is denied.

14. The allegations contained in Paragraph 14 of the First Amended Complaint are denied.

15. The allegations contained in Paragraph 15 of the First Amended Complaint are denied.

16. The allegations contained in Paragraph 16 of the First Amended Complaint do not pertain to this Defendant, therefore this Defendant need not respond. To the extent these allegations are said to apply to this Defendant, they are denied.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF TITLE VII - RETALIATION

17. This Defendant incorporates her answers to Paragraphs 1 - 16 of the First Amended Complaint as if set forth herein in response to the allegations contained in Paragraph 17 of the First Amended Complaint.

18. The allegations contained in Paragraph 18 of the First Amended Complaint do not pertain to this Defendant, therefore this Defendant need not respond. To the extent these allegations are said to apply to this Defendant, they are denied.

19. The allegations contained in Paragraph 19 of the First Amended Complaint do not pertain to this Defendant, therefore this Defendant need not respond. To the extent these allegations are said to apply to this Defendant, they are denied.

### COUNT II: TORTIOUS INTERFERENCE

20. This Defendant incorporates her answers to Paragraphs 1 - 19 of the First Amended Complaint as if set forth herein in response to the allegations contained in Paragraph 20 of the First Amended Complaint.

21. This Defendant admits that Plaintiff was an employee of the Defendant Gulfside. This Defendant admits that at all relevant times, she (Robertson) was the Human Resource Manager for the Defendant Gulfside. Everything not herein specifically admitted is denied.

22. The allegations contained in Paragraph 22 of the First Amended Complaint are denied.

23. This Defendant admits she investigated Plaintiff's claims. This Defendant denies the remaining allegations contained in Paragraph 23 of the First Amended Complaint. Everything not herein specifically admitted is denied.

24. The allegations contained in Paragraph 24 of the First Amended Complaint are denied.

25. The allegations contained in Paragraph 25 of the First Amended Complaint are denied.

## PRAYER FOR RELIEF

The allegations contained in the Prayer for Relief, including but not limited to sub-paragraphs 1 - 9, are denied. This Defendant specifically denies that the Plaintiff is entitled to any recovery whatsoever against her.

## AFFIRMATIVE DEFENSES

NOW, HAVING answered the specific allegations of the First Amended Complaint, this Defendant would state her Affirmative Defenses as follows:

### First Defense

The First Amended Complaint fails to state a claim against this Defendant upon which relief can be granted.

### Second Defense

This Defendant asserts the defenses of absolute privilege, qualified privilege and legal justification.

### Third Defense

Plaintiff's claims are barred by the employment at-will doctrine.

Fourth Defense

This Defendant asserts the affirmative defenses of truth and self-publication.

Fifth Defense

This Defendant pleads all rights, remedies and affirmative defenses available to her pursuant to Miss. Code Ann. § 11-1-65.

Sixth Defense

The imposition of punitive damages in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Mississippi Constitution.

Seventh Defense

The procedure and methods asserted for awarding punitive damages in this action violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Mississippi.

Eighth Defense

The claims of Plaintiff for punitive damages against this Defendants cannot be sustained because an award of punitive damages under Mississippi law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount

of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of this Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to juridical review on the basis of objective standards, would violate this Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Mississippi constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### Ninth Defense

Plaintiff's claim for tortious interference is barred because there was no agreement to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully by any party.

### Tenth Defense

This Defendant had a right and/or justifiable cause for her actions regarding Plaintiff.

Eleventh Defense

Plaintiff's claims against this Defendant are barred.  This Defendant's actions were privileged because she was exercising a legitimate interest and/or right.

Twelfth Defense

The incident and damages of which the Plaintiff complains was caused or contributed to by the actions and/or negligence of the Plaintiff.

Thirteenth Defense

Plaintiff has a duty to mitigate her damages, if any, and this Defendant is not liable to the Plaintiff for any damages caused or contributed to her, by her failure to mitigate.

Fourteenth Defense

The incident and damages of which Plaintiff complains were caused or contributed to by the negligence of a person or persons for whom this Defendant is not liable.

Fifteenth Defense

This Defendant pleads all rights, remedies and affirmative defenses available to her pursuant to Miss. Code Ann. § 85-5-7.

Sixteenth Defense

This Defendant specifically reserves all of her defenses available to her pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Seventeenth Defense

Plaintiff's claims against this Defendant are bared by the doctrines of collateral estoppel, res judicata and/or judicial estoppel.

Eighteenth Defense

All of this Defendant's decisions regarding Plaintiff were made in the course and scope of her employment for the Defendant Gulfside Casino Partnership after conducting a thorough investigation into the matter and, based on witness testimony, reasonably believed at all relevant times that her actions were in conformity with the applicable law and applicable policies of Gulfside Casino Partnership.

Nineteenth Defense

The Mississippi Department of Employment Security (MDES) - Docket Number 220016 - considered the allegations being raised in the case at bar and after reviewing the evidence and hearing witness testimony from Plaintiff and other witnesses, held Plaintiff engaged in misconduct and that she was lawfully discharged for a violation of company policy.

Twentieth Defense

This Defendant pleads the affirmative defense of good faith and states that she acted in good faith at all relevant times relevant, acting without any malice or intent to cause any injury to Plaintiff as alleged in the First Amended Complaint.

NOW, HAVING fully answered, this Defendant, Rhonda Robertson, moves this Court to dismiss the First Amended Complaint against her, with prejudice, and to assess all costs to the Plaintiff.

This the 27th March, 2020.

        Respectfully submitted,

        RHONDA ROBERTSON

        BY:   BROWN BUCHANAN P.A.

        BY:   */s/ Patrick R. Buchanan*
                 PATRICK R. BUCHANAN (MSB #8439)

BROWN BUCHANAN P.A.
234 CAILLAVET STREET, SUITE 100
POST OFFICE BOX 1377
BILOXI, MS  39533-1377
228.374.2999 TELEPHONE
228.435.7090 FACSIMILE
mailb@brownbuchanan.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day electronically filed a true and correct copy of the foregoing pleading with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Louis H. Watson, Jr.
Nick Norris
Watson & Norris, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216

Nan Alessandra
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130

LaToya C. Merritt
Nicholas F. Morisani
Phelps Dunbar LLP
Post Office Box 23066
Jackson, MS 39211-6391

Dated, this the 27th day of March, 2020.

/s/Patrick R. Buchanan
PATRICK R. BUCHANAN