IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MONICA HOWERTON                                                              PLAINTIFF

VERSUS                                       CIVIL ACTION NO. 1:20-CV-00067-HSO-JCG

GULFSIDE CASINO PARTNERSHIP
DBA ISLAND VIEW CASINO RESORT
AND RHONDA ROBERTSON,
INDIVIDUALLY                                                                DEFENDANTS

### DEFENDANT RHONDA ROBERTSON'S MEMORANDUM BRIEF
### IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

NOW COMES this Defendant, Rhonda Robertson, by and through her attorneys of record, Brown Buchanan P.A., and in support of her Motion for Summary Judgment, provides the Court with her Memorandum Brief.

### I. BACKGROUND

This is an employment discrimination claim brought by Plaintiff against the Defendant Gulfside Casino Partnership (Island View). Plaintiff was terminated because she falsified company documents she provided in support of a complaint she was making about another employee (Michael Carter). *Sworn Declaration of Deanna Ladner*, attached as *Exh. "1"*. After an investigation into Plaintiff's complaint, including taking into consideration the accounts provided by several witnesses, it was determined that Plaintiff was untruthful in her voluntary statement she provided to Island View. *Id.* For reasons unknown, Plaintiff has asserted a state law claim of tortious interference against Rhonda Robertson, individually, because of Plaintiff's termination. Ms. Robertson is the

former Human Resources Manager for Gulfside. *Sworn Declaration of Rhonda Robertson*, attached as *Exh. "2"*.

At all relevant times, Ms. Robertson was acting within the course and scope of her employment with Gulfside when she dealt with Plaintiff. *Id.* Pursuant to Island View's applicable policies and procedures, Plaintiff was terminated on August 3, 2017. *Id.* Ms. Robertson retired on October 11, 2019, because of health issues. *Id.* Ms. Robertson is currently being treated for Lung Adenocarcinoma, Stage IV. *Id.*

After this lawsuit was filed, Plaintiff was asked – because of Ms. Robertson's current health condition – to dismiss Mr. Roberston from this lawsuit.[1] Plaintiff refused to dismiss her state law claim of tortious interference against Ms. Robertson. Instead, Plaintiff wants to frivolously maintain that Ms. Robertson tortiously interfered with her (Plaintiff's) employment relationship with Island View.

The foundation of Plaintiff's tortious interference claim is that Plaintiff was terminated because she falsified documentation when she made a claim against another employee. *Exh. "1"; Exh. "2"*. The Mississippi Department of Employment Security (MDES) – after a hearing in which evidence was presented and witnesses were heard – held: "The employer discharged the claimant for a violation of the employer's policy. The claimant was aware of the employer's policy and the failure of the claimant to adhere to the employer's policy does constitute misconduct as that term is defined." *Exh. "1"*.

---

[1] Plaintiff was told that Ms. Robertson would provide a *de bene esse* deposition as soon as practicable for all the parties.

## II. ISSUE

In her First Amended Complaint, Plaintiff asserts a state law claim for tortious interference against Ms. Robertson. This tortious interference claim is the same claim Plaintiff asserted before the Mississippi Department of Employment Security (MDES). *Exh. "1"*; *Exh. "2"*. In the MDES proceeding, after a hearing in which evidence was considered and witnesses were heard, MDES – when denying Plaintiff's unemployment claim – held: "The employer discharged the claimant for a violation of the employer's policy. The claimant was aware of the employer's policy and the failure of the claimant to adhere to the employer's policy does constitute misconduct as that term is defined." *Exh. "1"*.

As set forth below, the finding of the MDES is preclusive. Because Plaintiff's claim has been conclusively adjudicated – and rejected – by MDES, her state law claim of tortious interference against Ms. Robertson is barred by the doctrine of *res judicata*. Therefore, Plaintiff's First Amended Complaint, as to Ms. Robertson, should be dismissed with prejudice.

## III. RULE

Under Mississippi law, administrative decisions are given preclusive effect. *Johnson v. Miss. Power Co.*, 2014 U.S. Dist. LEXIS 37493, 4 - 5 (S.D. Miss. 2014) (citations omitted). The decisions of the Mississippi Employment Security Commission (MESC) are given preclusive weight in Mississippi courts, if supported by the evidence and in the absence of fraud. *Cox v. DeSoto County, Miss.*, 564 F.3d 745, 748 (5th Cir. 2009). See also *Stafford v. True Temper Sports,* 123 F.3d 291, 295 (5th Cir. 1997) (MDES

decisions have preclusive weight in Mississippi courts) (citing *Miss. Code. Ann. § 71-5-531*).

Because the issue raised in the case at bar was previously adjudicated by the MDES, the MDES's decision should be given preclusive effect. Therefore, the case *sub judice* should be dismissed with prejudice as to Ms. Robertson.

### IV.  ANALYSIS

### A.  Res Judicata

The elements of *res judicata* are: 1) the parties to both actions are identical (or at least in privity); 2) the judgment in the first action is rendered by a court of competent jurisdiction; 3) the first action concluded with a final judgment on the merits; and, 4) the same claim or cause of action is involved in both suits. *Ellis v. Amex Life Inc. Co.,* 211 F. 3d 935, 937 (5th Cir. 2000).

In the case at bar, all the elements of *res judicata* are present. First, Plaintiff's claim for unemployment benefits involved the same parties as involved in the case at bar; Plaintiff, Island View and Ms. Robertson acting within the course and scope of her employment with Island View. *Exh. "1"; Exh. "2"*. Second, the judgment of the MDES was rendered by a state agency of competent jurisdiction. Third, Plaintiff's unemployment claim ended with a final judgment on the merits from which she did not appeal. *Exh. "1"*. And fourth, the claim presented in the MDES proceeding is the same claim presented in the case at bar; Plaintiff was terminated for misconduct, specifically, providing false information regarding a claim against another employee. *Exh. "1"; Exh. "2"*. Therefore,

Plaintiff's claim against Ms. Robertson is precluded by the doctrine of *res judicata.* It is immaterial that Plaintiff's prior claim was decided by a state agency and not a court of law.

When a state agency acting in a judicial capacity resolves disputed issues of fact that are properly before it, and which the parties had an adequate opportunity to litigate, federal courts must give the state agency's fact finding the same preclusive effect to which it would be entitled in state court. *Cox,* 564 F.3d at 748. A state agency's findings of fact are conclusive if supported by the evidence and in the absence of fraud. *Raiola v. Chevron U.S.A. Inc.*, 872 So. 2d 79, 84 (¶ 16) (Miss. Ct. App. 2004).

In Plaintiff's First Amended Complaint, she alleges Ms. Robertson is liable to her based on the alleged tortious interference of Plaintiff's business relationship with the Defendant, Island View. *First Amended Complaint* at 4 (¶ 22), attached as *Exh. "3"*. Plaintiff alleges this tortious interference arose when Ms. Robertson – after conducting an investigation into Plaintiff's claims – determined Plaintiff provided false information regarding a claim against another employee. *Exh. "2"; Exh. "3"* at 3 (¶ 15). As a result, Plaintiff was terminated. *Exh. "2"; Exh. "3"* at 3 (¶ 16).

The issue presented to MDES was the same issue being raised in the First Amended Complaint: "The claimant made a complaint to her employer of sexual harassment by a fellow employee. An investigation into the details of the allegation was completed by the employer and the employer determined the claimant had misrepresented the facts in a written statement provided to the employer charging sexual harassment. The claimant was discharged on August 3, for this policy violation." *Exh. 1*; *Exh. "2"*. After hearing the

facts, the MDES held: "The employer discharged the claimant for a violation of the employer's policy." *Exh. "1"*.

Because the issue raised in the case at bar – against Ms. Robertson – was previously adjudicated by the MDES, the MDES's decision should be given preclusive effect. Plaintiff was discharged for a violation of Island View's policy. Therefore, the case *sub judice* should be dismissed with prejudice as to Ms. Roberston.

### B. Collateral Estoppel

The doctrine of collateral estoppel is "often considered the cousin of *res judicata*." *Gibson v. Williams,* 186 So. 3d 836, 845 (¶ 21) (Miss. Sup. Ct. 2016). Collateral estoppel protects parties from re-litigating an identical issue with the same party (or his privy) and promotes judicial economy by preventing needless litigation. *Id.* Collateral estoppel applies to those issues actually litigated. *Gibson*, 186 So. 3d at 845 (¶ 22). For collateral estoppel to apply, the issue had to have been actually litigated in the former action; the issue was determined in the former action; and, the issue was essential to the judgment in the former action. *Gibson*, 186 So. 3d at 845 (¶ 21).

In the case at bar, all the elements of collateral estoppel apply. The issue of Plaintiff providing Island View with false information was actually litigated before the MDES. *Exh. "1"*. The MDES determined that Plaintiff provided false information. *Exh. "1"*. And, the fact that Plaintiff provided false information was essential to the judgment of the MDES. *Exh. "1"*. Therefore, based on the doctrine of collateral estoppel, Plaintiff's claim against Mr. Robertson should be precluded and dismissed with prejudice.

## V.  CONCLUSION

**T**he issue raised in the case at bar – against Ms. Robertson – was previously adjudicated by the MDES.  The MDES determined that Plaintiff was terminated for misconduct; she falsified company records in support of her claim of harassment against another employee.  The MDES's decision that Plaintiff was terminated for providing false information should be given preclusive effect.  Therefore, the case *sub judice* should be dismissed with prejudice as to Rhonda Robertson.

This the 2nd day of April, 2020.

        Respectfully submitted,

        RHONDA ROBERTSON

        BY:   BROWN BUCHANAN P.A.


        BY:    __/s/Patrick R. Buchanan_____
                    PATRICK R. BUCHANAN (MSB #8439)


BROWN BUCHANAN P.A.
234 Caillavet Street, SUITE 100
POST OFFICE BOX 1377
BILOXI, MS  39533-1377
TELEPHONE: (228) 374-2999
FACSIMILE:  (228) 435-7090
mailb@brownbuchanan.com

# CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day electronically filed a true and correct copy of the foregoing pleading with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Louis H. Watson, Jr.
Nick Norris
Watson & Norris, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216

Nan Alessandra
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130

This the 2nd day of April, 2019.

/s/Patrick R. Buchanan
PATRICK R. BUCHANAN (MSB #8439)